# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**

August 26, 2016
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**REBECCA BRADEN,**
**Claimant Below, Petitioner**

**vs.)    No. 15-0937** (BOR Appeal No. 2050265)
(Claim No. 2012011578)

**CSX HOTELS, INC./DBA**
**THE GREENBRIER,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Rebecca Braden, by Patrick K. Maroney, her attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. CSX Hotels, Inc./DBA The Greenbrier, by James W. Heslep, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated September 1, 2015, in which the Board affirmed a February 3, 2015, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's April 6, 2012, decision granting Ms. Braden a 2% permanent partial disability award. In its Order, the Office of Judges also reversed the claims administrator's January 7, 2014, decision granting a 7% permanent partial disability award and instead granted Ms. Braden a 9% permanent partial disability award. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Ms. Braden, a pantry attendant, was injured in the course of her employment on October 1, 2011, when she slipped and fell. The claim was held compensable for shoulder/arm sprain, lumbar sprain, and neck sprain. On March 20, 2012, R.P. Kropac, M.D., performed an independent medical evaluation in which he noted that Ms. Braden reported prior right shoulder

1

pain since June of 2011. She was diagnosed with arthritis and a rotator cuff tear at that time following an MRI. She was treated with medication until September of 2011. For the compensable injury, Dr. Kropac diagnosed cervicodorsal strain, lumbosacral strain, and right shoulder strain with partial thickness and possible full thickness perforation of the supraspinatus tendon superimposed on subsequent re-injury and new partial tear of the teres minor tendon involving the rotator cuff. He opined that the cervical and lumbar sprains were the result of the compensable injury but the right shoulder condition was secondary to a pre-existing condition and aggravated by the compensable injury. For the cervical spine, he placed Ms. Braden in Cervical Category I of West Virginia Code of State Rules § 85-20-E (2006) and found 0% impairment. He assessed 0% lumbosacral impairment after placing her in Lumbar Category I of West Virginia Code of State Rules § 85-20-C (2006). For the right shoulder, he assessed 4% impairment and apportioned 2% to the compensable injury and 2% to pre-existing conditions. The claims administrator granted a 2% permanent partial disability award on April 6, 2012, based on Dr. Kropac's evaluation.

On August 30, 2012, Bruce Guberman, M.D., performed an independent medical evaluation in which he noted that Ms. Braden reported her right shoulder pain had worsened, her neck pain had remained the same, her lower back pain had improved, and her thoracic spine pain had resolved. Dr. Guberman diagnosed right shoulder strain with persistent range of motion abnormalities, cervical strain, lumbosacral strain, and resolved thoracic strain. For the right shoulder, Dr. Guberman assessed 6% impairment and apportioned 3% to the compensable injury and 3% to a prior injury. He also assessed 6% cervical impairment and 8% lumbar impairment for a total combined recommendation of 17% impairment. Ms. Braden had already received a 2% permanent partial disability award so he recommended an additional 15% award. He stated that Dr. Kropac found no range of motion abnormalities in the shoulder, cervical, or lumbar spines. Dr. Guberman also stated that Dr. Kropac placed the claimant in Cervical Category I and Lumbar Category I from West Virginia Code of State Rules §§ 85-20-C and E. Dr. Guberman opined, however, that Ms. Braden belongs in Category II for both the cervical and lumbar spine since she has non-verifiable radicular symptoms in her shoulders, arms, hips, and legs.

Dr. Kropac performed a second independent medical evaluation on November 14, 2013. He noted that Ms. Braden had undergone arthroscopy of the right shoulder since her prior evaluation. He noted she was working full duty, had reached maximum medical improvement, and would require no further treatment. Dr. Kropac placed Ms. Braden in Cervical Category I of West Virginia Code of State Rules § 85-20-E and assessed 0% impairment. For the lumbar spine, he placed her in Lumbar Category II of West Virginia Code of State Rules § 85-20-C and assessed 5% impairment. For the right shoulder, he assessed 6% impairment. His combined total recommendation was 11% whole person impairment. He stated that his recommendation included the 4% impairment previously received. The claims administrator granted a 7% permanent partial disability award based on Dr. Kropac's evaluation on January 7, 2014.

On February 3, 2015, the Office of Judges affirmed the claims administrator's grant of a 2% permanent partial disability award. It reversed the claims administrator's grant of a 7% permanent partial disability award and instead granted Ms. Braden a 9% award. The Office of Judges determined that prior to the compensable injury, Ms. Braden was diagnosed with arthritis

2

and a tear of her right rotator cuff. An MRI dated June 23, 2011, showed at least a partial thickness, and possible full thickness, perforation. There was also mild degenerative hypertrophy of the AC joint. Using West Virginia Code of State Rules § 85-20, Dr. Kropac found 4% whole person impairment for the right shoulder and apportioned 2% for the compensable injury in his first independent medical evaluation. He found 0% cervical or lumbar spine impairment. In his second evaluation, Dr. Kropac found 5% lumbar impairment and 6% right shoulder impairment for a combined total of 11% impairment. The Office of Judges determined that he mistakenly stated that his assessment included the previous 4% whole person impairment. The Office of Judges found that this was incorrect as that assessment was apportioned for pre-existing conditions and Ms. Braden received a 2% award. Since Dr. Kropac found 11% impairment, the Office of Judges determined that she was entitled to an additional 9% permanent partial disability award.

Dr. Guberman's report finding 17% impairment representing 6% cervical impairment, 8% lumbar impairment, and 3% right shoulder impairment was found to be unpersuasive. The Office of Judges noted a lengthy period of time between Dr. Guberman's August of 2012 evaluation and Dr. Kropac's November of 2013 evaluation. It found Ms. Braden's range of motion appeared to have significantly improved between evaluations. The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order on September 1, 2015.

After review, we agree with the reasoning of the Office of Judges and conclusions of the Board of Review. Dr. Kropac performed two thorough evaluations. He correctly apportioned for the pre-existing right shoulder condition and used West Virginia Code of State Rules § 85-20 to arrive at his final recommendations. The Office of Judges and Board of Review were correct to find his reports the most persuasive of record.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: August 26, 2016**

**CONCURRED IN BY:**
Chief Justice Menis E. Ketchum
Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II